IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
UNITED STATES OF AMERICA      )
                              )    CRIMINAL ACTION NO.
    v.                        )       3:15cr203-MHT
                              )          (WO)
PAMELA ANN SMITH              )
```

OPINION AND ORDER

This cause is before the court on defendant Pamela Ann Smith's motion to continue.  For the reasons set forth below, the court finds that jury selection and trial, now set for August 31, 2015, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, <u>United States v. Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making

> public) of the information or
> indictment, or from the date the
> defendant has appeared before a
> judicial officer of the court in which
> such charge is pending, whichever date
> last occurs."

18 U.S.C. § 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Smith in a speedy trial. Smith retained her current counsel on June 9, 2015. Little more than two weeks have passed since then, and counsel represents that there are over 4,000 pages of

2

discovery in this case.  Because her counsel needs more time to prepare than the current trial setting allows, Smith has requested a continuance.  In addition, counsel for the government represented that pretrial resolution of this case is likely, and Smith did not disagree.  A continuance is warranted to enable Smith the opportunity to pursue this option fully; that is, a continuance is warranted to enable Smith to prepare effectively for trial by exploring her plea-bargain options.  The court notes that Smith is not incarcerated; she is currently out on pretrial release. As such, any prejudice to her from a continuance is less severe than it otherwise would be.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Pamela Ann Smith's motion for continuance (doc. no. 33) is granted.

(2) The jury selection and trial, now set for August 31, 2015, are reset for January 4, 2016, at 10:00 a.m., in the G.W. Andrews Federal Building and

United States Courthouse, 701 Avenue A, Opelika, Alabama.

(3) The jury selection and trial of codefendants Calvin J. Perry and Ernest James Simmons, Jr. remain as set for August 31, 2015.

DONE, this the 25th day of June, 2015.

_/s/ Myron H. Thompson_
UNITED STATES DISTRICT JUDGE